IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00486-REB-MEH

DAVID L. HILDEBRAND,

    Plaintiff,

v.

DOUGLAS DYNAMICS, INC.,
HENDERSON TRUCK EQUIPMENT,
HENDERSON PRODUCTS,
COLORADO DEPARTMENT OF TRANSPORTATION,
CITY OF DENVER, COLORADO
CITY OF LONGMONT, COLORADO,
CITY OF FORT COLLINS, COLORADO,
CITY OF LOVELAND, COLORADO,
CITY OF GREELEY, COLORADO, and
COUNTY OF DENVER, COLORADO,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the Defendant Colorado Department of Transportation's Motion to Stay Discovery and Vacate the Scheduling Conference [filed April 9, 2015; docket #45]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #46]. The Plaintiff filed no opposition to the motion, and the Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion.

## BACKGROUND

On March 6, 2015, the Plaintiff initiated this infringement action against the Defendants. Essentially, Plaintiff claims that Defendants infringed his rights to U.S. Patent 5,651,527 by

engaging in the manufacture, sales and/or use of his invention.  *See* Complaint, docket #1.  Defendant Colorado Department of Transportation ("CDOT") responded to the Complaint on April 1, 2015 by filing a motion to dismiss for lack of subject matter jurisdiction.  *See* docket #11.  The remaining Defendants have also filed a motion to dismiss or have not yet answered.

In the present motion to stay, CDOT claims that a temporary stay pending resolution of the jurisdictional issues raised in its motion to dismiss is appropriate to avoid any undue burden and expense of discovery should they be summarily dismissed from the case.  Without opposition from the Plaintiff, the Court agrees with the Defendant.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Here, Defendants seek protection from the burdensome expense of discovery at this early stage in the case.

A stay of all discovery is generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality*

2

*Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery is appropriate in this case. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with the case against the burden on a defendant of going forward. Here, the Plaintiff has not objected to Defendant's request to stay discovery; thus, to the extent that Plaintiff has any interest in proceeding expeditiously, the Court finds his interest is offset by Defendants' burden. Furthermore, the remaining Defendants have either filed a motion to dismiss or have not answered; accordingly, it is early in the litigation and resolving legal issues at the early stage before discovery accords with judicial efficiency.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that any potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while motions to dismiss are pending.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Defendants make no argument concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings.

Therefore, weighing the factors necessary to consider whether to grant the requested stay,

the Court finds that a temporary stay of discovery is justified and will be imposed in this case.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that the Defendant Colorado Department of Transportation's Motion to Stay Discovery and Vacate the Scheduling Conference [filed April 9, 2015; docket #45] is **granted**.  A temporary stay of discovery is hereby imposed pending resolution of the Defendants' motions to dismiss.  The Scheduling Conference currently scheduled for May 29, 2015 is **vacated**.  The parties shall file a status report within five (5) days of any order resolving their motions to dismiss.

Dated at Denver, Colorado, this 6th day of May, 2015.

> BY THE COURT:
>
> *Michael E. Hegarty*
>
> Michael E. Hegarty
> United States Magistrate Judge