IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00486-REB-MEH

DAVID L. HILDEBRAND,

    Plaintiff,

v.

DOUGLAS DYNAMICS, INC.,
HENDERSON TRUCK EQUIPMENT,
HENDERSON PRODUCTS,
COLORADO DEPARTMENT OF TRANSPORTATION,
CITY OF DENVER, COLORADO
CITY OF GREELEY, COLORADO, and
COUNTY OF DENVER, COLORADO,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Douglas Dynamics' Fed. R. Civ. P. 12 Motion to Dismiss [filed March 31, 2015; docket #28]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for recommendation [docket #33]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully recommends that the motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

**BACKGROUND**

On March 6, 2015, the Plaintiff, David L. Hildebrand ("Hildebrand"), initiated this infringement action against the Defendants. The present motion was brought solely by Defendant Douglas Dynamics, Inc. ("Douglas").

## I.     Facts

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Hildebrand in the operative Complaint and pertinent to the present motion, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

Hildebrand is the owner of United States Patent 5,651,527 (hereinafter referred to as the '527 patent), which was granted protection on July 29, 1997. According to an exhibit attached to the Complaint, the '527 patent is for a "support structure for use with heavy equipment." Defendants are currently using, manufacturing and/or selling the support structure, in violation of the '527 patent, by attaching it to snow removal and road maintenance equipment. *See* Complaint, docket #1.

## I.     Procedural History

Douglas filed the present motion to dismiss in response to the operative pleading on March 31, 2015, arguing that Hildebrand's allegations fail to satisfy the threshold level of specificity required to meet Rule 8, he improperly joined 12 defendants in one action in violation of 35 U.S.C. § 299, and he alleged redundant and improper causes of action for claims 2-5.

---

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Hildebrand counters that his Complaint was "prepared by one of the biggest law firms in Denver, and has been understood and recognized with only minor modifications in no less than 15 separate filings in" this Court and, thus, considering that the detailed patent report is attached to the Complaint and that Douglas claims to be "North America's premier manufacturer of vehicle attachments and equipment," it is "sheer nonsense" for Douglas to argue the Complaint is insufficient. Response, docket #47 at 2-4. Further, Hildebrand argues that he properly joined the Defendants since the municipal Defendants have purchased the alleged infringing product from Douglas. Finally, Hildebrand contends that his remaining claims are plausibly stated.

Douglas replies that Hildebrand cannot satisfy his Rule 8 obligation by merely referencing a patent attached to the Complaint, and that the information provided in the response brief is irrelevant because it is extraneous to the Complaint and does not involve any act by Douglas.

### LEGAL STANDARDS

**I.     Dismissal pursuant to Fed. R. Civ. P. 8**

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as

required by Rule 8(a)(2). *Id.*

The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the ground upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

**II.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191 (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

4

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## III.    Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Accordingly, the court must "not supply additional facts, nor ... construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir.

1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Douglas argues improper joinder, failure to state infringement and willful infringement, and failure to state separate, distinct causes of action. The Court will address each argument in turn.

**I.     Improper Joinder**

Section 299 of Title 35 of the U.S. Code controls joinder of parties in a civil action arising under any Act of Congress relating to patents. Section 299 provides in pertinent part:

> (a) Joinder of accused infringers. -- With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if --
>
> > (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> >
> > (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> (b) Allegations insufficient for joinder. -- For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

35 U.S.C. § 299(a) & (b); *see also Potter Voice Techs. LLC v. Apple, Inc.*, No. 12-cv-01096-REB, 2013 WL 1333460, at *1-*2 (D. Colo. Mar. 29, 2013).

The Court agrees with Douglas that Hildebrand's allegations stated in the Complaint fail to support joinder under § 299(b). Hildebrand counters in his response brief that "Douglas/Henderson manufacture the devices ... and sell them to all the municipalities. It is believed that they are in concert with all the co-defendants, doing one of the above actions [referring to § 299(a)(1)]."

Response, docket #47 at 6. While Hildebrand's statements may be true, they are not alleged in the Complaint. In fact, nothing in the Complaint may be construed to establish proper joinder in accordance with § 299. Accordingly, in the interest of justice (as discussed *infra*), the Court recommends that Hildebrand be permitted to amend his Complaint in accordance with this order.

## II.     Infringement and Willful Infringement Allegations

Douglas contends that Hildebrand has not met the pleading standards set forth in Form 18 and has failed to sufficiently identify the component or functionality of any of the Defendants' products or equipment that allegedly infringes the '527 patent and, thus, the Complaint fails to comply with Fed. R. Civ. P. 8(a) and Form 18, an appendix of the Federal Rules of Civil Procedure. Hildebrand counters that a "reading of Column one of the patent alone verifies what type of product Plaintiff asserts is infringing." Response, docket #47 at 7.

The sufficiency of a complaint alleging direct patent infringement is determined by Fed. R. Civ. P. 84 and Form 18. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Rule 84 provides that "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Thus, to state a claim for direct patent infringement, Form 18 requires: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Bill of Lading*, 681 F.3d at 1334 (quotation and alteration marks omitted).

The Court finds that Hildebrand's allegations, as stated in the Complaint, do not suffice to constitute a plausible cause of action for direct infringement. The Complaint identifies a basis for subject matter and personal jurisdiction (docket #1 at 2, ¶¶ 7, 8), alleges that Hildebrand owns the

patent (*id.*, ¶ 9), and demands injunctive relief and monetary damages (*id.* at 6). Douglas contends that the allegations fail to meet the third element in Form 18; however, the Court finds that Hildebrand's reference to the patent ("a support structure for use with heavy equipment") as "attached to snow removal and road maintenance equipment" (Complaint, ¶ 10) suffices to meet element (3) in Form 18. However, Hildebrand fails to allege he has given Douglas proper notice of its infringement prior to bringing suit as required in element (4).

Although the Complaint itself suffices to meet the notice requirement of 35 U.S.C. § 287(a), Hildebrand's allegation that "on information and belief, [the] Defendants have committed the infringing acts as alleged herein after having been notified of the fact that said acts infringed U.S. Patent 5,651,527" (Complaint, ¶ 15) does not establish that Hildebrand gave Douglas written notice of its infringement. *See* Form 18, ¶ 4 ("The plaintiff has complied with the statutory requirement of placing a notice of the Letters of Patent on all [patented products] it manufactures and sells *and has given the defendant written notice of its infringement*.") (emphasis added); *see also Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (the complaint, together with an allegation of correspondence between the parties regarding possible infringement, sufficed to state each element of a claim for direct patent infringement). The Complaint therefore fails to satisfy all of the requirements of Form 18, and Hildebrand has not plausibly stated a claim for direct infringement.

Based upon the same allegation in paragraph 15 of the Complaint, Douglas argues that Hildebrand failed to state a plausible claim for willful infringement. A willful infringement claim requires a showing that the alleged infringer knew of the infringed upon patent. *See Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007) (willful infringement claim met Rule 8(a) requirements in alleging the infringer previously filed an action seeking to invalidate the

subject patent, which demonstrated knowledge by the infringer). Further, a "willfulness claim ... must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Nothing in paragraph 15 reflects that Hildebrand bases his willful infringement claim on the Defendants' pre-filing conduct.

In response to Douglas' motion, Hildebrand attempts to rehabilitate his claim by arguing that the President and CEO of Henderson Products, for which Douglas is the parent company, knew of the inventor and the subject patent. Response, docket #47 at 8. However, Hildebrand's allegations of such knowledge are not in his Complaint and he may not amend his pleading through his response brief. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *see aslo Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted).

As stated herein, Hildebrand is proceeding *pro se* in this case. Consequently, the Court finds it in the interest of justice to recommend permitting Hildebrand to amend his Complaint, as discussed *infra*, to include additional information in support of his claims.

**III.     Remaining Claims**

The Court agrees with Douglas that Hildebrand's second through fifth "claims" for relief are actually demands for remedies from the alleged infringements of Hildebrand's patent, and should be sought in the Requests for Relief section in the pleading. *See* Fed. R. Civ. P. 8(a)(2) & (3). The Court need not, at this stage, make any findings as to the merit of such demands for relief, but recommends that the District Court permit Hildebrand to amend his Complaint to restate the second, third, fourth and fifth "claims" as "demands" for relief in accordance with Rule 8(a)(3) and this

recommendation.

## IV.     Leave to Amend

Dismissal of a case under Fed.R.Civ.P. 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). As such, in this jurisdiction, a court typically does not dismiss a claim under Fed.R.Civ.P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). The Court may only dismiss "sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [them] to amend [their] complaint would be futile." *Id.* (quoting *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991)).

Here, Hildebrand has not yet received guidance from the Court as to the plausibility of his allegations. Hildebrand's attempts to cure and his statements in the response brief providing additional information and allegations lead the Court to believe that some of the deficiencies found in the Complaint may be cured. Thus, because it is possible Hildebrand may cure the pleading deficiencies for his infringement claims, the Court recommends that Hildebrand be allowed to file an amended complaint within thirty (30) days of the District Court's Order.

## **CONCLUSION**

Accordingly, for the reasons stated above, it is respectfully RECOMMENDED that Defendant Douglas Dynamics' Fed. R. Civ. P. 12 Motion to Dismiss [filed March 31, 2015; docket #28] be **granted in part and denied in part** and that Hildebrand be permitted to file an Amended Complaint in accordance with this recommendation within 30 days of the District Court's Order.

11

Dated at Denver, Colorado, this 22nd day of May, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge