IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00486-REB-MEH

DAVID L. HILDEBRAND,

    Plaintiff,

v.

DOUGLAS DYNAMICS, INC.,
HENDERSON TRUCK EQUIPMENT,
HENDERSON PRODUCTS,
COLORADO DEPARTMENT OF TRANSPORTATION,
CITY OF DENVER, COLORADO
CITY OF GREELEY, COLORADO, and
COUNTY OF DENVER, COLORADO,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Colorado Department of Transportation's Motion to Dismiss [filed April 1, 2015; docket #36]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for recommendation [docket #37]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully recommends that the motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

**BACKGROUND**

On March 6, 2015, the Plaintiff, David L. Hildebrand ("Hildebrand"), initiated this infringement action against the Defendants. The present motion was brought solely by Defendant Colorado Department of Transportation ("CDOT").

**I.     Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Hildebrand in the operative Complaint and pertinent to the present motion, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

Hildebrand is the owner of United States Patent 5,651,527 (hereinafter referred to as the '527 patent), which was granted protection on July 29, 1997. According to an exhibit attached to the Complaint, the '527 patent is for a "support structure for use with heavy equipment." Defendants are currently using, manufacturing and/or selling the support structure, in violation of the '527 patent, by attaching it to snow removal and road maintenance equipment. *See* Complaint, docket #1.

**I.     Procedural History**

CDOT filed the present motion to dismiss in response to the operative pleading on April 1, 2015, arguing that it is an arm of the State of Colorado and, thus, immune from suit in federal court by the Eleventh Amendment to the U.S. Constitution. Hildebrand counters that he is not suing the State of Colorado, but a "nonprofit corporation" as listed with the Secretary of State. CDOT replies

---

written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

that Hildebrand is mistaken in that the nonprofit corporation he cites is the CDOT Caucus "started by CDOT employees for the initial purpose of educating fellow employees about African-American culture," and which was "an employee organization separate from CDOT." Reply, docket #60 at 2. CDOT continues that it is actually an arm of the state for Eleventh Amendment purposes and is absolutely immune from a claim for patent infringement.

## LEGAL STANDARDS

### I. Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a factual attack on this Court's subject matter jurisdiction; therefore, the Court will not assume the truthfulness of the Complaint's factual allegations, but may consider affidavits or other documents to resolve disputed jurisdictional facts.

**II.     Treatment of a Pro Se Plaintiff's Complaint**

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Accordingly, the court must "not supply additional facts, nor ... construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies. *Blatchford v. Native Village of Noatak & Circle Village,* 501 U.S. 775, 785-86 (1991); *see also Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1339 (Fed. Cir. 2006) (while the Eleventh Amendment gives a state "a sovereign immunity from suit" ... "a State can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it."). The Supreme Court has confirmed the applicability of Eleventh Amendment immunity to suits pertaining to violations of federal patent laws. *Tegic Commc'ns*, 458 F.3d at 1339 (citing *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627 (1999) (the Patent and Plant Variety Protection Remedy Clarification Act of 1992 ("Patent Remedy Act") did not abrogate Florida's Eleventh Amendment immunity)).

In this case, there is no argument nor indication that CDOT waived an Eleventh Amendment immunity; thus, to the extent that the CDOT is entitled to such immunity, it would bar the Plaintiff's infringement claims[2] against the CDOT.

Plaintiff argues that the CDOT is not the "State of Colorado," but actually a "nonprofit corporation." The Court agrees with the CDOT that Plaintiff is mistaken; the Honorable Robert E. Blackburn, who presides over this action, has determined that the "CDOT is an arm of the state [of Colorado], and thus entitled to the benefit of the state's Eleventh Amendment immunity." *Ross v.*

---

[2]Plaintiff identifies his five claims for relief as "infringement of U.S. Patent 5,651,527," "injunction," "seizure and/or destruction of infringing goods," "accounting," and "imposition of constructive trust." Complaint, docket #1. The Plaintiff directly cites the Patent Act for his first three claims and all claims are based on allegations of infringement; accordingly, the Court construes Plaintiff's claims as brought pursuant to the statute as opposed to the common law. *See id.*, ¶ 7.

*Colo. Dep't of Transp.*, 978 F. Supp. 2d 1197, 1200 (D. Colo. 2013).  Consequently, it appears in this case that Plaintiff's infringement claims against the CDOT are barred.

The Court notes that the Plaintiff's requests for relief primarily seek injunctive action.  The Supreme Court has stated "[i]n an injunctive or declaratory action grounded on federal law, the State's immunity *can* be overcome by naming state officials as defendants." *Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)) (emphasis in original).  In fact, "[t]o ensure the enforcement of federal law ... the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)).  However, here, the Plaintiff has named only the CDOT and no state officials for his claims for relief.

Accordingly, Plaintiff's patent infringement claims against the CDOT in this case are barred by the Eleventh Amendment.

## CONCLUSION

Therefore, for the reasons stated above, this Court respectfully RECOMMENDS that Defendant Colorado Department of Transportation's Motion to Dismiss [filed April 1, 2015; docket #36] be **granted** and Plaintiff's claims against the CDOT be dismissed.

Dated at Denver, Colorado, this 22nd day of May, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge